UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Echoe Camacho, and by and through her, T.C., her minor child,<br><br>  Plaintiffs,<br><br>  v.<br><br>NEC Networks, LLC d/b/a CatureRx and Rite Aid Corporation,<br><br>  Defendants. | No. 2:21-cv-01004-KJM-AC<br><br>ORDER |

This motion is before the court on the unopposed motion to appoint Echoe Camacho as the guardian ad litem for her minor child, T.C. *See* Mot., ECF No. 2.

Under Federal Rule of Civil Procedure 17(c)(2), "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." With reference to Rule 17, this court's Local Rules provide that "[u]pon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney

1

representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court." E.D. Cal. L.R. 202(a).

Parents are generally appointed as guardians ad litem of their minor children. *Anthem Life Ins. Co. v. Olguin*, No. 06-01165, 2007 WL 1390672, at *2–3 (E.D. Cal. May 9, 2007); *see also Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, No. 13-0331, 2014 WL 5092742, at *2 (S.D. Cal. Oct. 9, 2014) (citing *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001)). When a parent requests to be appointed as guardian ad litem, a court should assure itself there is no conflict between the minor children's and parent's interests. *See, e.g.*, *Anthem*, 2007 WL 1390672, at *2; *cf. Phelan v. Brentwood Union Sch. Dist.*, No. 12-00465, 2012 WL 909294, at *1 (N.D. Cal. 2012) (no apparent conflict of interest based on father and son's Fourth and Fourteenth Amendment claims against son's school and teacher from injuries son suffered at school).

On the record as it currently stands, the court finds no conflict between the interests of Ms. Camacho and her minor child that might make her an unsuitable guardian. The plaintiffs allege T.C. had a prescription filed at a Rite Aid pharmacy and that the defendants did not safeguard T.C.'s personal health information. *See* Compl. ¶ 2, ECF No. 1. The plaintiffs' claims and alleged damages flow from this alleged failure; they assert claims for negligence, declaratory judgment, breach of confidence, breach of contract, intrusion on seclusion, unfair competition, and related statutory claims. *See generally id.*

**The motion to appoint Ms. Camacho as guardian ad litem is granted.**

This order resolves ECF No. 2.

IT IS SO ORDERED.

DATED: August 16, 2021.

CHIEF UNITED STATES DISTRICT JUDGE